Alfred J. Callahan, J.
This is a nonpayment proceeding in which the petition (as deemed amended at the trial) demands rent at the rate of $200 per month for the period from December 1,1968, through May, 1969. By stipulation the total amount demanded has been deposited with the clerk of the court pending determination of the proceeding. The answer (as deemed amended at the trial) asserts defenses of (1) constructive eviction; (2) a defense based on section 756 of the Real Property Actions and Proceedings Law; (3) breach of the covenant of quiet enjoyment contained in the lease between the parties; and (4) partial actual eviction. It also contains counterclaims based on breach of the provisions of said lease. However, said counterclaims have been severed by interim order of the court and will not be considered herein.
At the outset the first three defenses are dismissed as insufficient at law. Constructive eviction is not available to tenant because he still occupies the demised premises. (See City of New York v. Pike Realty Corp., 247 N. Y. 245, 247.) Section 756 of the Real Property Actions and Proceedings Law is not available, because said section involves the discontinuance of “ utilities * ' * * because of the failure of the landlord *375 * # * to pay for utilities for which he may have contracted ’ ’ and there is no proof in the instant case of any discontinuance of utilities because of such nonpayment. The defense of breach of covenant of quiet enjoyment will not be considered because such a contention is involved with the subject matter of the counterclaims, which have been severed. Consequently, the court will proceed to a consideration of the remaining defense of partial actual eviction.
The evidence indicates that the demised premises consist of a store in which tenant operates a retail liquor business. Said premises are part of a nine-apartment multiple dwelling which has been permitted by landlord to fall into a state of marked disrepair. In fact, the entire remainder of the building has been vacated. The heating system and the water pipes in the building have been damaged by persons unknown and are inoperative. The result is that tenant, not only has no heat in cold weather, but has no toilet facilities at any time. In addition, tenant’s premises have been burglarized on several occasions by reason of the fact that access thereto is available through vacant apartments in the building. In short, the landlord has failed properly to maintain the building with the result that tenant has been deprived of the beneficial enjoyment of, at least, a portion of the demised premises.
However, there is nothing in the record to indicate that the aforesaid conditions were caused by any deliberate or affirmative acts of the landlord which deprived tenant of the beneficial enjoyment of the demised premises.
For many years it has been the settled law of this State that without proof of such acts no partial actual eviction can be established. (See Edgerton v. Page, 20 N. Y. 281, 284; Pompey Realty Corp. v. Bartha, 21 N. Y. S. 2d 620; Johnson v. Pemberton, 197 Misc. 739; Self Serv. Furniture Fair v. 450 Realty Corp., 114 N. Y. S. 2d 774.) For instance, in Edgerton (supra, p. 282) it was alleged in the affirmative defense, that the plaintiff not only negligently permitted the pipes to get out of order, but ‘ ‘ knowing this, maliciously and negligently permitted large quantities of water and filth to flow through the pipes which leaked therefrom into the demised premises, injuring the property of the defendant * * * interfering with and depriving the defendant of the beneficial enjoyment of the premises.”' In addition, it was alleged that plaintiff affirmatively caused “ large quantities of water, filthy and otherwise ” to be thrown onto the defendant’s premises. So, also, in each of the above cases in which a partial actual eviction was found to exist there was proof of some willful, arbitrary or affirmative *376 act of the landlord which resulted in deprivation of the tenant of the use of the premises contemplated by the parties when the relationship of landlord and tenant was created.
In the instant case tenants ’ counsel does not appear to question the rule laid down by the cases cited, but argues that the recent decision in Barash v. Pennsylvania Term. Real Estate Corp. (31 A D 2d 342) is authority for the proposition that a partial actual eviction has been established herein.
The court is constrained to reject this contention. As observed by Mr. Justice McGtvern in the majority opinion in Barash, that case is “ sui generis ” and in many respects the facts therein represent the converse of the facts in this case. In any event, it seems to the court that the important distinction between the two cases is that in Barash the landlord deliberately and affirmatively turned off the air-conditioning system on evenings and weekends, while, in the instant case, the landlord passively permitted that part of the building not occupied by this tenant to fall into disrepair. Thus the Barash ease would seem to fall within the classic outlines of a partial actual eviction while the instant case does not.
For the foregoing reasons final judgment is directed in favor of the landlord in the sum of $1,200, without prejudice, however, to prosecution by tenant of the claims for damages set forth in the aforesaid “counterclaims ” at Trial Term, Part III of this court on a date to be fixed by the Calendar Clerk. A 10-day stay of execution will be granted.